IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Devross M. Sullivan, | Case No. 1:18-cv-01737-DCC |
| Petitioner, | |
| v. | **ORDER** |
| Michael Stephan, | |
| Respondent. | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). Respondent filed a Motion for Summary Judgment and a Return. ECF Nos. 14, 15. Petitioner did not file a Response, despite being given two extensions of time in which to do so. On February 7, 2019, the Magistrate Judge issued a Report recommending this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, or, alternatively, because the Petition was untimely. ECF No. 26. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner has filed no objections, and the time to do so has passed.

1

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the Report's recommendation; accordingly, the Court adopts the Report by reference in this Order. This action is **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive

procedural rulings by the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the Court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

    IT IS SO ORDERED.

                                              s/ Donald C. Coggins, Jr.
                                              United States District Judge

May 13, 2019
Spartanburg, South Carolina